Brian Segee (Bar No. 200795)
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
tel: (805) 750-8852
Email: bsegee@biologicaldiversity.org

Catherine Kilduff (Bar No. 256331)
Kristen Monsell (Bar No. 304793)
Center for Biological Diversity
1212 Broadway, Suite #800
Oakland, CA 94612
tel: (510) 844-7100
fax: (510) 844-7150
email: ckilduff@biologicaldiversity.org
kmonsell@biologicaldiversity.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Center for Biological Diversity, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>NOAA Fisheries, *et al*.<br><br>Defendants. | Case No.: 4:21-cv-00345-KAW<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Scheduling Conference:<br>Date: October 26, 2021<br>Time: 1:30 p.m.<br>Dept: Courtroom TBD<br>Judge: Hon. Kandis A. Westmore |

Pursuant to Federal Rules of Civil Procedure 16 and 26, Civil L.R. 16-9, this Court's Standing Order for Magistrate Judge Kandis A. Westmore, and this District's Standing Order For All Judges of the Northern District of California, *Contents of Joint Case Management Statement*, the Parties have met and conferred and submit this Further Joint Case Management Statement.

1

### 1. Jurisdiction and Service

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and the Endangered Species Act (ESA), 16 U.S.C. § 1540(c), (g) (citizen suit provision). All Parties have been served.

### 2. Facts

Plaintiffs' Summary of the Facts. The Ports and Waterways Safety Act (PWSA), 46 U.S.C. § 70001 *et seq.*, directs the U.S. Coast Guard (USCG) to "provide safe access routes" for large ocean vessels through the establishment of Traffic Separation Schemes (TSS). *Id.* § 70003(a). Like lanes on a highway, TSS are "aimed at the separation of opposing streams of traffic." 33 C.F.R. § 167.5(b). Before establishing or modifying a TSS, USCG must "undertake a study of the potential traffic density and need for safe access routes." 46 U.S.C. § 70003(c)(1)(A).

In 2011, USCG completed Port Access Route Studies for the approaches to the Los Angeles/Long Beach and San Francisco Bay Region ports. These Port Access Route Studies resulted in changes to TSS approaches to both of these port complexes.

Endangered species including blue, fin, and humpback whales, and leatherback sea turtles, occur in the waters near the ports of Los Angeles/Long Beach and the San Francisco Bay region, and are intersected by the TSS designations. The TSS designations also intersect with designated critical habitat for humpback whales. 86 Fed. Reg. 21082 (April 21, 2021).

Collisions with ships (ship strikes) are a significant source of mortality for these species. In 2019, researchers estimated that 18 blue whales, 22 humpback whales, and 43 fin whales are killed each year by ship strikes off the U.S. West Coast during the peak whale season from July to December, with an average of 6 additional humpbacks killed annually between January and April. The analysis concluded that the TSS shipping lanes for the Los Angeles/Long Beach and San Francisco Bay region ports are two of the highest-risk regions for ship collisions with whales.

There are two main categories of operational measures that are proven to reduce the risk of ship strikes: (1) routing changes (including temporary, or "dynamic", and seasonal changes) that

1  reduce the overlap of shipping traffic with areas of high whale densities; and (2) mandatory and

2  enforced vessel speed restrictions.

3  Because TSS designations are a federal action that may impact threatened and endangered

4  species, on October 24, 2013, USCG initiated ESA section 7 consultation on its codification of

5  regulations modifying the TSS. In its consultation initiation documents, USCG determined that

6  the proposed action may affect blue, fin, and humpback whales, as well as killer whale

7  (Southern Resident Distinct Population Segment), leatherback sea turtle, black abalone, and

8  North American Green Sturgeon (Southern Distinct Population Segment).

9  This ESA section 7 process culminated with NOAA Fisheries' issuance of a Biological

10  Opinion on February 23, 2017. In assessing impacts on ESA-listed species, NOAA Fisheries

11  developed an analytical approach called the "no-lane scenario." Under this approach, NOAA

12  Fisheries compared the effects of the TSS designations with a hypothetical scenario in which

13  there are no shipping lanes, and thus "ships would be spread out or fanned out over a larger area

14  than they would be when using the TSSs." (Biological Opinion, at p. 18).

15  Using the no-lane analytical approach, NOAA Fisheries concluded that the TSS

16  designations are not likely to jeopardize the continued existence of blue or humpback whales,

17  and that effects on fin whales and leatherback sea turtles are extremely unlikely.

18  On March 2, 2020, plaintiffs sent a 60-day notice of intent (NOI) to sue NOAA Fisheries

19  and USCG pursuant to the ESA citizen-suit provision. 16 U.S.C. § 1540(g). This NOI alleged

20  that the Biological Opinion was unlawful in several respects, including allegations that USCG

21  unlawfully relied on the deficient Biological Opinion, that NOAA Fisheries and USCG

22  unlawfully failed to reinitiate and complete consultation on the Biological Opinion, and that

23  NOAA Fisheries and USCG are violating the ESA section 9 "take" prohibition.

24  On April 29, 2020, USCG wrote to NOAA Fisheries requesting reinitiation of consultation,

25  agreeing with Plaintiffs' March 2, 2020 NOI that new scientific literature, published since the

26  completion of the Biological Opinion in February 2017, shows that the TSS designations may

27  affect listed species in a manner or to an extent not analyzed in that Biological Opinion. On

28

1   April 30, 2020, NOAA Fisheries wrote to USCG acknowledging the agency's request for
2   reinitiation of consultation, but not expressly agreeing to such reinitiation.

3   On August 18, 2021, Plaintiffs sent a supplemental ESA NOI to NOAA Fisheries and
4   USCG, inquiring whether NOAA Fisheries had agreed to the reinitiation request, and requesting
5   a timeline for completion of the reinitiated consultation. Neither agency provided any
6   acknowledgment of, or response to, Plaintiffs' supplemental NOI.

7   On January 14, 2021, Plaintiffs filed the present action. (Dkt. No. 1). On January 15, 2021,
8   the Court issued an Order Setting Initial Case Management Conference and ADR Deadlines.
9   (Dkt. No. 7).

10   On March 18, 2021, the Parties filed a Stipulated Request to Extend the Case Schedule
11   Deadlines and Case Management Schedule, in order to allow discussion about potential
12   resolution of the case. (Dkt.  No. 12).

13   On March 22, 2021, Federal Defendants filed their Answer. (Dkt. No. 13).

14   On March 31, 2021, the Court issued an Order extending the case management conference
15   and ADR deadlines to May 14, 2021, and May 25, 2021, and rescheduling the initial case
16   management conference for June 1, 2021, at 1:30 p.m.

17   Subsequent to the initial case management conference, the Court issued Case Management
18   Minutes (Dkt. No. 19) (as amended Dkt. No. 20). Those Minutes adopted deadlines for filing of
19   amended pleadings and administrative record and/or discovery disputes, and scheduled a further
20   Case Management Conference for October 26, 2021 at 1:30 p.m.

21   Defendants' Response. Defendants do not agree with all aspects of Plaintiffs' summary of
22   facts and believe that the summary contains legal conclusions with which Defendants do not
23   agree, and characterizes the content of the challenged decision documents and other
24   administrative record materials that speak for themselves and are the best evidence of their
25   contents.

26   For example, the statement about collisions with ships being a "significant source of
27   mortality" is made without placing it in the context of the whale population numbers. Similarly,

the reference to the "no-lane analytical approach" is only one part of the analysis. NMFS did an aggregate jeopardy analysis, as is called for in the ESA implementing regulations. The "no-lane analytical approach" was used to describe the effects of the shipping lanes. Those effects were then added to the baseline along with any cumulative effects, while taking into account the status of the species and critical habitat for the aggregate jeopardy analysis. Also, USCG has reinitiated consultation with NOAA Fisheries.

**3.  Legal Issues**

Plaintiffs' Allegations. Plaintiffs' Complaint alleges five claims: (1) NOAA Fisheries' determination in the Biological Opinion that the TSS designations will not jeopardize the continued existence of  blue, fin, and humpback whales, and leatherback sea turtles, is based on an arbitrary no-lane analytical approach, fails to consider aggregate impacts to listed species including the environmental baseline and cumulative effects, and is not based on the best scientific and commercial data available; (2) USCG unlawfully relied on the deficient Biological Opinion to fulfill its substantive obligations under section 7(a)(2) of the ESA, 16 U.S.C. § 1536(a)(2); (3) USCG and NOAA Fisheries have filed to reinitiate and complete consultation, in violation of 50 C.F.R. § 402.16, and are in ongoing violation of the substantive ESA section 7(a)(2) requirement that federal agencies ensure their actions are not likely to jeopardize the continued existence of any listed species, or adversely modify or destroy designated critical habitat, 16 U.S.C. § 1536(a)(2); (4) USCG is violating section 7(d) of the ESA, 16 U.S.C. § 1536(d), by failing to implement measures that would reduce ship strike risk during the pendency of reinitiated consultation, such as speed restrictions or routing measures; and (5) USCG is violating section 9 of the ESA, 16 U.S.C. § 1540, because its TSS designations are the cause of ongoing take of listed species, but NOAA Fisheries' Biological Opinion does not contain an incidental take statement.

Defendants' Statement of Issues.

- Whether NOAA Fisheries' Biological Opinion was in compliance with the ESA.
- Whether USCG's reliance on the Biological Opinion was in compliance with the

ESA.

- Whether USCG and NOAA Fisheries have complied with ESA Section 7 and the ESA implementing regulations related to reinitiation of consultation, to the extent they apply.

- Whether USCG has complied with ESA Section 7(d), to the extent it applies.

- Whether USCG has complied with ESA Section 9.

**4. Motions**

Defendants filed a motion for stay of proceedings on July 12, 2021 (Dkt. No. 25). Plaintiffs opposed the motion, and a hearing was held on August 19, 2021 (Dkt. No. 29). On August 23, 2021, the Court issued an Order denying the motion (Dkt. No. 30).

The Court's June 1, 2021 amended Case Management Minutes (Dkt. No. 20) established a schedule for resolving administrative record disputes, including a December 10, 2021 deadline for filing a motion to complete the record and/or conduct discovery in the event Plaintiffs' objections to the record have not been resolved.

Although the Parties' initial case management statement (Dkt. No. 17, ¶ 17) did not contemplate proposing a summary judgment schedule until the administrative record deadlines had passed, the Parties now propose a schedule for summary judgment pursuant to Federal Rule of Civil Procedure 56 in paragraph 17, *infra*.

**5. Amendment of Pleadings**

Pursuant to the Court's June 1, 2021 amended Case Management Minutes (Dkt. No. 20), the deadline for amendment of pleadings passed on June 30, 2021.

**6. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, met and conferred on May 14, 2021 pursuant to the Court's January 15, 2021 Order (Dkt. No. 7), and discussed steps taken to preserve evidence relevant to the issues reasonably evident in this case. Defendants have preserved electronic documents and other evidence that comprise the administrative records for the challenged agency actions. Defendants

1    have also established litigation holds to ensure evidence preservation.

2    **7.  Disclosures**

3        No disclosures have been made to date. Federal Rule of Civil Procedure 26(a)(1)(B)(i)

4    exempts an action for review on an administrative record from initial disclosure requirements.

5    On October 1, 2021, Defendants lodged the Administrative Records and filed the Associated

6    Certifications and Indices. (Dkt. Nos. 33-35). Pursuant to the Court's June 1, 2021 amended

7    Case Management Minutes (Dkt. No. 20), Plaintiffs may file a motion regarding remaining

8    administrative record disputes and/or to conduct discovery by December 10, 2021.

9    **8.  Discovery**

10       Pursuant to the Court's June 1, 2021 amended Case Management Minutes (Dkt. No. 20),

11   Plaintiffs may file a motion regarding remaining administrative record disputes and/or to

12   conduct discovery by December 10, 2021.

13   **9.  Class Actions**

14       This case is not a class action.

15   **10. Related Cases**

16       The Parties are not aware of any related cases or proceedings pending before another judge

17   of this court, or before another court or administrative body.

18   **11. Relief**

19       To the extent that the Court determines that Defendants are liable for ESA violations,

20   Plaintiffs ask this Court to declare that NOAA Fisheries' February 23, 2017 Biological Opinion

21   is unlawful; declare that USCG's reliance on such Biological Opinion is unlawful; declare that

22   NOAA Fisheries and USCG are violating section 7(a)(2) of the ESA and 50 C.F.R. § 402.16 by

23   failing to reinitiate and complete consultation in order to ensure that USCG's designation of

24   TSS in the approaches to the Los Angeles/Long Beach and San Francisco Bay region ports does

25   not jeopardize the continued existence of blue, fin, or humpback whales, or leatherback sea

26   turtles; declare that USCG is violating section 7(d) of the ESA by failing to develop measures

27   that would reduce ship strike risk to listed species pending the completion of reinitiated

28

1    consultation; declare that USCG is violating section 9 of the ESA; order NOAA Fisheries and

2    USCG to complete reinitiated consultation and NOAA Fisheries to issue a new Biological

3    Opinion, which does not rely on the unlawful "no lane" analytical approach, within six months;

4    order USCG to adopt measures that will reduce ship strike risk to ESA-listed species pending

5    the completion of reinitiated consultation; and grant Plaintiffs' their reasonable attorneys' fees

6    and costs associated with this action, as provided by the ESA, 16 U.S.C. § 1540(g)(4), or the

7    Equal Access to Justice Act, 28 U.S.C. § 2412, or other authority.

8        Defendants deny that Plaintiffs are entitled to the relief requested above and in the

9    complaint, or to any relief whatsoever.

10       **12. Settlement and ADR**

11       The Parties engaged in settlement negotiations but were unable to reach resolution. On May

12    14, 2021, the Parties filed separate *ADR Certification by Parties and Counsel* advising that they

13    prefer to discuss ADR selection with the Assigned Judge at the case management conference.

14    (Dkt. Nos. 15, 16).

15       On September 29, 2021, the Parties met with Magistrate Judge Alex G. Tse for a settlement

16    conference, but the case did not settle. (Dkt. No. 32).

17       **13.  Consent to Magistrate Judge For All Purposes**

18       The Parties have consented to proceed before a magistrate judge for all purposes.

19       **14. Other References**

20       The Parties agree that this case is not suitable for reference to binding arbitration, a special

21    master, or the Judicial Panel on Multidistrict Litigation.

22       **15. Narrowing of Issues**

23       The Parties anticipate that some or all off the issues regarding Defendants' alleged liability

24    will be narrowed or resolved on cross-motions for summary judgment.

25       **16.  Expedited Trial Procedure**

26       The Parties anticipate that this action will be resolved based on cross-motions for summary

27    judgment, and thus no trial is expected. Defendants' position is that a trial is unnecessary and

28

impermissible.

**17. Scheduling**

The Parties propose the following schedule for cross-motions for summary judgment. This schedule is contingent on the Parties resolving administrative record and/or discovery disputes (if any) without the need for motion practice. If the Parties are unable to resolve administrative record and/or discovery disputes without the need for motion practice, the summary judgment briefing schedule will be vacated, and the Parties will meet and confer on a new summary judgment schedule within 10 days of the Court's Order on the administrative record and/or discovery dispute:

| Proposed Deadline | Action |
|---|---|
| January 31, 2022 | Plaintiffs' motion for summary judgment |
| March 17, 2022 | Defendants cross-motion for summary judgment and response to Plaintiffs' motion for summary judgment |
| May 2, 2022 | Plaintiffs' response to Defendants' cross-motion for summary judgment and reply in support of motion for summary judgment |
| June 16 2022 | Defendants' reply in support of cross-motion for summary judgment |

The Parties further propose that the following page limitations apply:

Plaintiffs' summary judgment motion: 35 pages

Defendants' cross motion for summary judgment and response to Plaintiffs' motion: 35 pages

Plaintiffs' combined response to Defendants' cross-motion and reply in support of motion for summary judgment: 25 pages

Defendants' reply in support of cross-motion for summary judgment: 25 pages

**18. Trial**

As discussed in #16 (Expedited Trial Procedure), the Parties anticipate that this action will be resolved based on cross motions for summary judgment, and thus no trial is expected. Defendants' position is that a trial is unnecessary and impermissible.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-15 on January 14, 2021 (Dkt. No. 4). Defendants are not required to make a certification because Civil L.R. 3-15 does not apply to any governmental entity or its agencies.

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

The Parties have not identified any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully Submitted this 21st day of October, 2021.

/s/ Brian Segee
Brian Segee (Cal. Bar No. 200795)
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
tel: (805) 750-8852
bsegee@biologicaldiversity.org

/s/ Catherine Kilduff
Catherine Kilduff (Bar No. 256331)
Kristen Monsell (Bar No. 304793)
Center for Biological Diversity
1212 Broadway, Suite #800
Oakland, CA 94612
tel: (510) 844-7100
email: ckilduff@biologicaldiversity.org
kmonsell@biologicaldiversity.org

*Attorneys for Plaintiffs*

TODD KIM
Assistant Attorney General
SETH M. BARSKY
Chief
S. JAY GOVINDAN
Assistant Section Chief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_/s/ Frederick H. Turner_
FREDERICK H. TURNER
Trial Attorney (Maryland Bar)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0641
Fax: (202) 305-0275
Email: frederick.turner@usdoj.gov

*Attorneys for Defendants*

1

**ATTESTATION**

2   I, Brian Segee, am the ECF user whose identification and password are being used to file this

3   Further Case Management Statement. In compliance with L.R. 5-1(i), I attest that the other

4   signatories have concurred in this filing.

5   DATED:   October 21, 2021.

6   /s/  Brian Segee